UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KELLY WATKINS and | ) | |
| TERESA WATKINS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-0127-CVE-PJC |
| | ) | |
| ASSET ACCEPTANCE, LLC, | ) | |
| LOVE, BEAL, AND NIXON, PC, | ) | |
| and HSBC, formerly known as | ) | |
| Beneficial Financial, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are the following motions: Defendant Love, Beal & Nixon, P.C.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. # 34); the Motion to Dismiss of Defendant Asset Acceptance, LLC to Plaintiffs' First Amended Complaint (Dkt. # 42); Plaintiffs' Motion to Amend the First Amended Complaint (Dkt. # 46); plaintiffs' Motion to Voluntarily Dismiss Some Claims with Prejudice (Dkt. # 62); Plaintiffs' Motion to Remand (Dkt. # 72); the Motion for Summary Judgment of Defendant Asset Acceptance, LLC (Dkt. # 74); Defendant Love, Beal & Nixon, P.C.'s Motion for Summary Judgment and Brief in Support (Dkt. # 75); and Plaintiffs' Fed. R. Civ. P. 41(a)(2) Motion to Dismiss All Remaining Claims without Prejudice (Dkt. # 78). Defendants have filed motions to dismiss and motions for summary judgment as to all of plaintiffs' claims. Plaintiffs agree that their federal law claims should be dismissed with prejudice, and they ask the Court to remand this case to Tulsa County District Court. Dkt. ## 62, 72. Defendants oppose plaintiffs' request to remand the case, and they ask the Court to retain jurisdiction over the case even if plaintiffs' federal law claims are dismissed.

On April 28, 2014, plaintiffs filed this case in Tulsa County District Court alleging that defendants Asset Acceptance LLC, Love, Beal & Nixon, P.C., and HSBC, formerly Beneficial Financial, engaged in bad faith conduct by prosecuting a state court debt collection lawsuit against plaintiffs when defendants should have known that the underlying debt had been cancelled. Dkt. # 2-1, at 1. Plaintiffs' original petition did not specifically identify what claims they intended to pursue and plaintiffs acknowledge that the petition "vaguely plead a single count . . . ." Dkt. # 72, at 3. Defendants served discovery requests on plaintiff and, on February 9, 2015, defendants received plaintiffs' responses to the discovery requests. Dkt. # 2, at 1. The responses revealed that plaintiffs were seeking relief against defendants under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA), and defendants removed the case to this Court within 30 days of receiving plaintiffs' discovery responses. Plaintiffs requested leave to file an amended complaint and their motion to amend was granted. Dkt. ## 29, 30. The amended complaint (Dkt. # 31) alleged state law claims of "bad faith," abuse of process, malicious prosecution, pain and suffering, and a claim for violation of the Oklahoma Consumer Protection Act. Plaintiffs also alleged federal law claims under the FDCPA, the Fair Credit Reporting Act, 15 U.S.C. § 1681 (FCRA), and for violation of "Federal Trade Commission Final Order: In Re US versus Asset Acceptance LLC. 12-cv-182 US District Court Middle District of Florida (Tampa)." Dkt. # 31, at 4. However, the amended complaint does not state whether plaintiffs are seeking damages in excess of $75,000 or if the parties are completely diverse.

The Court will initially consider defendants' motions to dismiss plaintiffs' claims (Dkt. ## 34, 42) and plaintiffs' motion to voluntarily dismiss certain claims with prejudice (Dkt. # 62), because the Court's ruling on these motions will affect the Court's subject matter jurisdiction to hear

2

the remaining state law claims.[1]  Defendants seek dismissal of each of plaintiffs' claims for failure to state a claim upon which relief can be granted.  Plaintiffs agree to the dismissal of their federal law claims under the FDCPA, FCRA, and the "FTC Order," and they ask the Court to dismiss these claims with prejudice.  Dkt. # 62, at 2; Dkt. # 64, at 12.  The Court finds that plaintiffs have effectively abandoned their federal law claims, and plaintiffs' fourth, fifth, and sixth causes of action should be dismissed with prejudice as requested by plaintiffs.  In light of the dismissal, the Court must determine if it has subject matter jurisdiction over plaintiffs' remaining claims.  The amended complaint does not allege the citizenship of the parties and there is no allegation that the amount in controversy exceeds $75,000.  Thus, the Court may not exercise diversity jurisdiction over plaintiffs' state law claims.

Defendants argue that the Court is not required to dismiss plaintiff's state law claims, because the Court may exercise supplemental jurisdiction over plaintiffs' state law claims after any federal law claims have been dismissed.  Dkt. # 79, at 2-3.  Under 28 U.S.C. 1367(c), a federal district court may decline to exercise supplemental jurisdiction  over a state law claim if:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

---

[1]    The Court notes that plaintiffs incorrectly assert that their federal claims have actually been dismissed simply because they have filed a motion for voluntary dismissal. Dkt. # 64, at 12. Plaintiffs' federal law claims remain pending until the Court actually rules on plaintiffs' motions for voluntary dismissal (Dkt. ## 62, 78).

The Court has dismissed all claims over which it had original jurisdiction and the Court has the discretion to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995). However, this discretion should be exercised only "in those cases in which, given the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction." Id. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state law claims." Smith v. City of Enid By and Through Enid City Comm'n, 149 F.3d 1151 (10th Cir. 1998). Defendants argue that remanding the case to state court would be "fundamentally unfair and impose undue delay to allow Plaintiffs to effectively press the reset button this late in the litigation." Dkt. # 79. The Court does not find that defendants would be prejudiced if the Court were to decline jurisdiction and remand the case to state court. There may be some delay if the state court allows plaintiffs to amend their complaint or if plaintiffs are permitted to dismiss their claims without prejudice and refile the case, but defendants have not shown that remanding the case will impair their ability to defend against plaintiffs' claims.  In addition, there is a substantial benefit in having matters of purely state law decided by a state court. The Court declines to exercise supplemental jurisdiction over plaintiffs' remaining claims and the case is remanded to Tulsa County District Court.

**IT IS THEREFORE ORDERED** that Defendant Love, Beal & Nixon, P.C.'s Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. # 34), Motion to Dismiss of Defendant Asset Acceptance, LLC to Plaintiffs' First Amended Complaint (Dkt. # 42), and plaintiffs' Motion to Voluntarily Dismiss Some Claims With Prejudice (Dkt. # 62) are **granted in part**, and plaintiffs'

claims under the FDCPA, the FCRA, and the FTC Order (Fourth, Fifth, and Sixth Causes of Action) are **dismissed with prejudice**.

IT IS FURTHER ORDERED that the Court lacks subject matter jurisdiction over the remaining claims, and the Court Clerk is directed to **remand this case to Tulsa County District Court**.

IT IS FURTHER ORDERED that plaintiff's motion to amend (Dkt. # 46), defendant's motions for summary judgment (Dkt. ## 74, 75), and plaintiffs' motion for voluntary dismissal of all claims without prejudice (Dkt. # 78) remain pending.  The parties' motions to dismiss (Dkt. ## 34, 42, 62) remain pending as to plaintiffs' state law claims.

DATED this 2nd day of November, 2015.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE